**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| J.I.B.M. | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 4:25-cv-475-CDL-AGH |
| | : | 28 U.S.C. § 2241 |
| Warden, STEWART DETENTION CENTER, *et al.*, | : | |
| | : | |
| | : | |
| Respondents. | : | |

**ORDER TO STAY**

Before the Court is Petitioner's motion for attorney fees (ECF No. 11) pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). On December 12, 2025, Petitioner filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241, contending that his detention under 8 U.S.C. § 1225(b) was unlawful because he was not an arriving alien. *See generally* Pet., ECF No. 1. On January 2, 2026, the Court agreed and issued an order granting Petitioner's petition to the extent that Respondents were ordered to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a)(2). Order, ECF No. 9.

Among other requirements, to prevail on his motion for EAJA fees, Petitioner must show that his habeas action under § 2241 is a "civil action" within the meaning of EAJA. *See* 28 U.S.C. § 2412(d)(1)(A). Whether "under EAJA, 'any civil action' encompasses an action seeking a writ of habeas corpus to challenge civil immigration detention" is the question presented in the Supreme Court of the United States'

recent grant of certiorari in *Montoya Palacios v. Liggins*, No. 25-1223 (cert. granted June 29, 2026). Thus, the outcome of *Montoya Palacios* will determine the outcome of Petitioner's motion for EAJA fees. In deciding whether to stay proceedings, a district court "must weigh competing interests and maintain an even balance[,]" and may properly consider the pendency of related proceedings before another court that may bear on the issues presented. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

For four reasons, the Court exercises its inherent authority to manage its docket to *sua sponte* stay this action. First, a "district court has 'general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice.'" *Marti v. Iberostar Hoteles y Apartamentos S.L.*, 54 F.4th 641, 649 (11th Cir. 2022). The conservation of the resources of the parties, the Court, and the appellate courts, undoubtedly is in the interests of justice justifying the stay in this case.

Second, the length of the stay in this case will not be indefinite. Rather, the Court stays its consideration of Petitioner's EAJA fee motion pending the outcome of a Supreme Court case that will most likely be resolved by the end of the Court term beginning October 2026. In other words, the Supreme Court will almost certainly decide *Montoya Palacios* before July 2027. Thus, the Court's stay is reasonable and moderate. *See Pennington v. Bd. of Trs. of Ga. Mil. Coll.*, No. 5:23-cv-44 (MTT), 2023 WL 4624699, at *3 (M.D. Ga. July 19, 2023) ("Generally speaking, a stay is not 'immoderate' or 'unlawful' if it is designed so that its force will be spent within reasonable limits.") (first quoting *Marti*, 54 F.4th at 649; and then citing *Landis*, 299 U.S. at 257).

Third, at the time of this Order, there are approximately two dozen EAJA fee motions in immigration habeas actions presently pending before the Court. Resolving the EAJA motion now would require this Court to decide an unsettled question of law that the Supreme Court is poised to answer in the coming Term, which could create a substantial risk of inconsistent rulings and duplicative briefing. The Supreme Court has announced a "general principle . . . to avoid duplicative litigation." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Given the numerosity of the pending EAJA fee motions in immigration habeas actions, a stay in this case would reduce unnecessary and duplicative federal litigation and conserve the federal judiciary's resources.

Finally, and perhaps most importantly, the Supreme Court's decision whether immigration habeas petitions under § 2241 are civil actions within the meaning of EAJA will decide whether Petitioner may move for fees under EAJA in the first instance. Thus, the decision in *Montoya Palacios* will have "controlling effect on the claims and issues" presented in Petitioner's EAJA fee motion. *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Circ. 2009). As the United States Court of Appeals for the Eleventh Circuit has recognized, the reason for the stay in this case is "an excellent one: to await a federal appellate decision that is likely to have . . . controlling effect" on the resolution of Petitioner's motion. *Id.*

Thus, for the foregoing reasons, the Court *sua sponte* STAYS the motion for attorneys fees pending the Supreme Court's decision in *Montoya Palacios v. Liggins*,

No. 25-1223. Petitioner is DIRECTED to file a renewed motion for fees within twenty-one days after the Supreme Court issues said opinion.

SO ORDERED, this 17th day of August, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE